IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142,<br><br>Plaintiff,<br><br>vs.<br><br>HEAD OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, CHIEF JUDGE THOMAS DOE, CHIEF JUDGE CANBY DOE, CHIEF JUDGE MURGUIA DOE, HAWAII PAROLING AUTHORITY, BERT Y. MATSUOKA, CHRIS McKEON, JOHN KNIGHT, CORRECTIONS CORPORATION OF AMERICA, HALAWA CORRECTIONAL FACILITY, WARDEN SCOTT O. HARRINGTON, CITY AND COUNTY OF HONOLULU MAYOR DOE, CITY OF SAN FRANCISCO CA MAYOR DOE, HAWAII DEP'T OF PUBLIC SAFETY, NOLAN ESPINDA,<br><br>Defendants. | CIV. NO. 17-00303 HG-RLP<br><br>ORDER VACATING DEFICIENCY ORDER; DENYING IMPLIED REQUEST TO PROCEED IN FORMA PAUPERIS; AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

**ORDER VACATING DEFICIENCY ORDER; DENYING IMPLIED REQUEST
TO PROCEED IN FORMA PAUPERIS;
AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Peter R. Tia's

prisoner civil rights Complaint. ECF No. 1. Although Tia failed to submit an Application to Proceed In Forma Pauperis ("IFP") concurrently with his Complaint, he has submitted current IFP applications in Civ. No. 17-00284 LEK-RLP, ECF No. 5 (dated June 19, 2017), and Civ. No. 17-00312 DKW-KSC, ECF No. 2 (dated Jun. 26, 2017). The Court will considers these requests to proceed IFP as implied requests to do so herein.

Tia alleges Defendants, federal appellate court judges, state prison and parole officials, private prison officials, and other inmates, conspired against him to obstruct justice in nine appellate cases that Tia filed in the United States Court of Appeals for the Ninth Circuit.[1] For the following reasons, the Deficiency Order, ECF No. 3, is VACATED, Tia's implied request to proceed IFP is DENIED, and this action is DISMISSED without prejudice.

---

[1] Tia lists App. Nos. 17-156612, 17-15970, 17-16207, 17-15886, 15-80222, 17-15694, 17-15651, 17-15613, and 17-15627 as the appeals at issue.

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner

3

faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

## II.  APPLICATION

Tia has accrued three "strikes" under § 1915(g),[2] has been notified of these strikes, and may not proceed in a civil action without concurrent payment of the

---

[2] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit.

Tia alleges no facts showing that he was in imminent danger of serious physical injury when he commenced this action. Rather, Tia alleges Defendants conspired to obstruct justice in his appellate actions. This claim is implausible, legally frivolous, and fails to show that Tia was in imminent danger of serious physical injury when he commenced this case. Tia may not proceed without concurrent payment of the filing fee in this action.

### III. CONCLUSION

The June 27, 2017 Deficiency Order is VACATED. Tia's implied request to proceed In Forma Pauperis is DENIED, and this action is DISMISSED without prejudice. Tia may refile these claims in a new action with concurrent payment of the civil filing fee. The Clerk of Court is DIRECTED to close the case and note this

dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: July 10, 2017, Honolulu, Hawaii.



_____
Helen Gillmor
United States District Judge

*Tia v. United States Court of Appeals for the Ninth Circuit, et al.,* 1:17-cv-00303 HG-RLP; 3 Stks 2017/Tia 17-303 hg (consp. obs. jus)